UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00734-FWS-ADS Date: October 5, 2026

Title: Jasibel Canchola *et al* v. Allstate Insurance Company

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFFS' MOTION TO REMAND [525]**

Before the court is Plaintiffs Jasibel Canchola, Carlos Ochoa, Richard Curtis, and Robert Souza's (collectively, "Plaintiffs") Motion to Remand. (Dkt. 525 ("Motion" or "Mot.").) Defendant Allstate Insurance Company ("Defendant" or "Allstate") opposes the Motion (Dkt. 526 ("Opposition" or "Opp."), and the matter is fully briefed (Dkt. 527 ("Reply")). The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the **hearing** set for **October 15, 2026**, is **VACATED** and **OFF CALENDAR**. Based on the state of the record, as applied to the applicable law, the court **DENIES** the Motion.

## I. Background

Plaintiffs filed their putative class action in state court on March 22, 2023. (Dkt. 1-2 ("Complaint").) Defendants removed the action from state court under both diversity jurisdiction under 28 U.S.C § 1332(a)(1) and the Class Action Fairness Act of 2005 (CAFA) on April 27, 2023, 28 U.S.C. §§ 1332(d), 1453. (Dkt. 1-1 ("Notice of Removal")). On November 22, 2023, Plaintiffs filed a First Amended Complaint which added two named Plaintiffs that were not a part of the state court action, Richard Curtis and Robert Souza. (Dkt. 41 ("First

Amended Complaint" or "FAC").) The First Amended Complaint alleges that "[t]his Court has jurisdiction over this removed action under 28 U.S.C. § 1332(d)." (*Id.* ¶ 29.)

The case progressed significantly over the next three years—time during which Plaintiffs have never contested this court's jurisdiction. On September 10, 2026, the court granted Allstate's motion to decertify the class. (Dkt. 522 ("Decertification Order").). Plaintiffs then filed their Motion to Remand the case to state court on September 15, 2026—more than 3 years after Allstate removed the case, and more than 2 and a half years after Plaintiffs filed their First Amended Complaint. (*See generally* Mot.)

## II. Legal Standard

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). In 2005, Congress passed the Class Action Fairness Act and "expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C § 1332(d). *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1091 (9th Cir. 2010).

"Article III of the Constitution confines federal courts to hearing only 'cases' and 'controversies.'" *Barnum Timber Co. v. U.S. E.P.A.*, 633 F.3d 894, 897 (9th Cir. 2011). "Standing is a core component of the Article III case or controversy requirement." *Id.* "To establish constitutional standing, plaintiffs must demonstrate three elements, which constitute the 'irreducible ... minimum' of Article III standing: (1) injury-in-fact—plaintiff must allege 'concrete and particularized' and 'actual or imminent' harm to a legally protected interest; (2) causal connection—the injury must be 'fairly traceable' to the conduct complained of; and (3) redressability—a favorable decision must be 'likely' to redress the injury-in-fact." *Id.* (internal

citations omitted.) "Upon removal, the burden to demonstrate Article III jurisdiction shifts to the Defendant as '[t]he party invoking federal jurisdiction.'" *Jones v. Ford Motor Co.*, 85 F.4th 570, 573 (9th Cir. 2023) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

## III. Discussion

In the Motion, Plaintiffs argue that this matter should be remanded because Allstate, as the removing party, has failed to carry its "burden to establish this Court's subject matter jurisdiction by a preponderance of the evidence, including Article III standing." (Mot. at 6–7.) Allstate argues in response that the burden of demonstrating Article III standing turned back to Plaintiffs when they voluntarily filed their operative FAC after removal: "In addition to expressly asserting that federal jurisdiction existed over this action and that Plaintiffs had suffered monetary injuries as the result of Allstate's purported violation of Labor Code § 2802, the FAC also added the claims of Curtis and Souza to the action," such that "Curtis and Souza have only ever asserted claims in federal court, which makes their bid for remand particularly confusing." (Opp. at 5.)

"[T]he presence of jurisdiction, in removed as in original cases, hinges on the amended, now operative pleading." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 39 (2025). Plaintiffs invoked this court's jurisdiction when they filed their FAC and added two new named Plaintiffs after Allstate removed the case to this court. (*See generally* FAC.) Since that point, both Plaintiffs and Allstate have agreed that this case is subject to this court's jurisdiction and were prepared to try this case before a federal jury. Indeed, Plaintiffs stated on June 4, 2026, that their "unreimbursed expenses…are a classic monetary harm that 'readily qualify as concrete injuries under Article III'" in their motion for partial summary judgment. (Dkt. 392 at 10.) Allstate likewise stated that it "does not dispute" the named Plaintiffs' standing weeks ago in its motion for decertification of the class. (Dkt. 475 at 9.)

Plaintiffs argue that Allstate's proposed jury verdict form, which asks the jury the question, "Did this Plaintiff prove, by a preponderance of the evidence, that they suffered an actual injury?" raises doubts as to this court's Article III jurisdiction. (Mot. at 3–4; Reply at 4–5, 8.) The court is not persuaded. Allstate contends that this question was included as to each

individual class member when the class was still certified so that the jury could come to a determination as to "whether each class member actually incurred a business expense." (Opp. at 14.) The court's order decertifying the class has "mooted this issue" and Allstate's "revised verdict form and jury instructions, due November 19, will not include [this question]." (*Id.*) In any case, Allstate is permitted to contest liability and demand that each Plaintiff prove the *fact* of their alleged injury by a preponderance of evidence at trial. *See Lujan*, 504 U.S. at 561 ("Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation."); *Jones v. Ford Motor Co.*, 85 F.4th 570, 573 (9th Cir. 2023) ("the injury-in-fact prong of Article III standing and the merits of a [] claim are separate inquiries.").

Finally, the fact that Allstate raised an Article III standing argument in its motion for decertification does not mean remand is warranted now. Allstate's standing argument was with respect to the then-certified class members, not the named Plaintiffs who remain. To be sure, when a "putative class action was properly removed to begin with, the subsequent denial of Rule 23 class certification does not divest the district court of jurisdiction." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO*, CLC v. Shell Oil Co., 602 F.3d 1087, 1089 (9th Cir. 2010). "If a defendant properly removed a putative class action at the get-go, a district court's subsequent denial of Rule 23 class certification does not divest the court of jurisdiction, and it should not remand the case to state court." *Id.* at 1092.

In summary, Plaintiffs have repeatedly invoked this court's jurisdiction over the course of years, and Plaintiff's recent effort to obtain remand to state court fails to persuade the court that it lacks subject matter jurisdiction.

## IV. Disposition

For the reasons set forth above, the Motion is **DENIED**.